# CIRCUIT COURT OF THE CITY OF RICHMOND

Melissa L. Harlow

    v.

Nationwide Insurance Co.,
National Fire & Marine Ins. Co.,
and Sheri L. Morris

April 13, 2005

Case No. LR-2967-1

BY JUDGE MELVIN R. HUGHES, JR.

This declaratory judgment proceeding is before the court on cross-motions for summary judgment filed by defendant insurance companies. The question presented is whether plaintiff, who has an underlying claim for personal injury damages arising out of an automobile accident, is entitled to underinsured motorist coverage (UIM) from her insurer or from an insurer of the vehicle she was operating at the time of the accident.

The parties agree that the issue arose when plaintiff was test driving an automobile owned by Covey Alexander Motor Sports, a car dealer. Plaintiff claims injury after she was rear ended by defendant Sheri Morris. MetLife provided automobile liability insurance to Morris with coverage limits of $25,000. Plaintiff is insured by defendant Nationwide Insurance Company with UIM coverage of $100,000. The vehicle is covered by National Fire & Marine Insurance Company, under a garage keeper's policy with UIM coverage of $750,000. The question is which of these policies is first in line, the plaintiff's policy or the garage policy.

National argues that, under Va. Code §§ 38.2-2205 and 38.2-2206, any requirement to furnish its UIM coverage does not apply because its liability coverage does not apply. National says that, even though the garage keeper's

exclusion has been held not to apply to UM/UIM coverage, as seen in *GEICO v. UUIC*, 232 Va. 326 (1986), the case does not control here because the case was decided under a former version of Va. Code § 38.2-2205 and because *GEICO* held that the exclusion did not apply to UIM/UM coverage on the basis that the statute only referred to liability coverage.

Nationwide argues that plaintiff is an insured under National's garage policy and that National's policy has primary UIM coverage. Thus, National should afford its limits of $750,000 to plaintiff.

Plaintiff maintains that she has UIM coverage under Va. Code § 38.2-2206 because the "garage keeper's exclusion" only applies to liability coverage, not UIM coverage. Under *GEICO*, the garage keeper's exclusion does not apply to UIM coverage. Va. Code § 38.2-2206 requires the limits of UIM coverage to equal the limits of liability coverage "as it is issued," not as it is applied to a specific insured. Since she was "occupying" a "covered automobile," she is therefore entitled to $750,000, the stated limits of UIM coverage, and, by order of priority, National is first in line and Nationwide is second. *See* Va. Code § 38.2-2206(B). The court agrees with plaintiff and Nationwide. Despite National's attempt to distinguish the case, *GEICO* is dispositive in plaintiff's and Nationwide's favor.

Under Va. Code § 38.2-2206, a policy of bodily injury or property damage liability insurance relating to the use of an automobile must contain a provision insuring against damages recoverable against an unknown or underinsured owner or operator of an uninsured motor vehicle. The policy provision must equal the limits of liability coverage. National argues that since plaintiff, as a customer, is not entitled to any liability coverage she is not entitled to any UIM coverage. This fails to account for the direction in § 38.2-2206 that these requirements be for policies as "issued or delivered," not as applied to a specific insured in a given situation as National maintains here.

As plaintiff points out, prior to recodification, the relevant portions of both statutes, Va. Code §§ 38.2-2205 and 38.2-2206, were contained in the former Va. Code § 38.1-381. These former provisions are nearly identical to those same provisions now contained separately in the two present codifications. *GEICO* held that the so called "garage keeper's exclusion" does not apply to UIM coverage.

The liability portion of National's policy excludes from the definition of "insured' and "covered auto" customers of the dealership who have other available insurance of or at least equal to the compulsory limits. This so called "garage keeper's exclusion" is codified in Va. Code § 38.2-2205. The statute relieves a car dealer or garage from providing liability insurance to any person other than the dealer, the garage, or its employees in the course of their

employment for the dealer or garage. The exclusion extends to "motor vehicles which are . . . for the purpose of demonstrating to the other person as a prospective purchaser."

In *GEICO*, the court said the "garage keeper exception" for liability coverage was "irrelevant" to the inquiry of whether UM coverage was available.

Accordingly, the court accepts Nationwide's view and will reject National's view in support of its motion.

As noted, consistent with Va. Code § 38.2-2206, the priority for UIM coverage is National is primary and Nationwide is secondary.